# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ERIC C. BURGIE
ADC #120956                                                                                    PETITIONER

VS.                              5:16CV000196 BSM/JTR

WENDY KELLY, Director,
Arkansas Department of Correction                                                RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

# I. Background

Petitioner, Eric Burgie, has filed a § 2254 Petition for a Writ of Habeas Corpus.[1] *Doc. 2*. He asserts various postconviction claims challenging his 2001 convictions, in Garland County Circuit Court, of capital murder and aggravated robbery.

Burgie acknowledges that this is his third petition for habeas corpus relief. *Doc. 2 at 2-3*. In *Burgie v. Norris*, E.D. Ark. No. 5:06CV00205, he originally attacked the same convictions. On May 21, 2007, United States District Judge Billy Roy Wilson entered an Order and Judgment adopting this Court's Recommended Disposition, dismissing that case with prejudice. *Id. at docs. 21 and 22*.

On July 25, 2013, Burgie filed a second habeas petition attacking the same convictions. *Burgie v. Hobbs*, E.D. Ark. No. 5:13CV00228. On September 24, 2013, Chief United States District Judge Brian S. Miller entered an Order and Judgment adopting this Court's Recommended Disposition, dismissing that case as successive. *Id. at docs. 6 and 7*.

Burgie initiated this habeas action on June 24, 2016. *Doc. 2*. Because it is a successive habeas petition, the Court recommends that this action be dismissed, without prejudice.

---

[1] He has also filed a Motion to Proceed *In Forma Pauperis*. *Doc. 1*. Based on the financial information provided, Petitioner qualifies to proceed *in forma pauperis*.

## II. Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

Burgie argues that this habeas action may proceed without pre-authorization from the Eighth Circuit because the factual and legal basis for his claims could not have been discovered at the time he filed his first habeas action in 2006.[2] Burgie relies on the capital murder statute in effect when he was convicted in 2001, which did not enumerate "aggravated robbery" among the predicate statutory offenses that supported a capital-felony murder conviction.[3] *See* Ark. Code Ann. § 5-10-101 (Repl. 1997). In 2007, the capital-murder statute was amended to include "aggravated robbery" among the statutory offenses that supported capital-felony

---

[2] *See Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) ("where a claimant could not have raised a [habeas] claim in his first habeas petition because it had not yet arisen, he will be allowed seek a second habeas petition [in the District Court] without first obtaining our authorization").

[3] The capital-murder statute in effect when Burgie was convicted did include simple "robbery," under Ark. Code Ann. § 5-12-102, among the predicate offenses that supported capital-felony murder. *See* Ark. Code Ann. § 5-10-101(a)(1)(A)(v) (Repl. 1997).

murder. *See* Ark. Code Ann. § 5-10-101(a)(1)(A)(vi) (Supp. 2007). According to Burgie, this amendment was an *ex post facto* violation that rendered his 2001 convictions unconstitutional.

All of the facts and law allegedly supporting Burgie's argument were known or discoverable when he initiated his first habeas action in 2006. Years before Burgie was convicted in 2001, clearly established Arkansas case law held that, while "aggravated robbery" was *not* enumerated as a predicate offense in the capital-murder statute, it was nonetheless encompassed by the statute's inclusion of "robbery" as a predicate offense. *See Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995); *Simpson v. State*, 274 Ark. 188, 193, 623 S.W.2d 200, 203 (1981). Insofar as Burgie believes that this somehow violated his federal constitutional rights, the factual and legal basis for his arguments was available to him when he initiated his first habeas action.

Burgie's pending § 2254 habeas petition is the third iteration of his collateral attack on his underlying conviction. Thus, to pursue this successive habeas action, he must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (*doc. 1*) be GRANTED.

2. The Petition for a Writ of Habeas Corpus (doc. 2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit to file a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Dated this 15th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE